[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 10, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-12744
Non-Argument Calendar

_____

BIA Nos. A93-24-667 & A74-631-829

JAVIER R. FLORES,
NORMA A. FLORES,
ISRAEL FLORES,
TABATA FLORES,

                                                    Petitioners,

versus

U.S. ATTORNEY GENERAL,

                                                    Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(January 10, 2007)**

Before TJOFLAT, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Javier Flores, as lead petitioner for his family, petitions for review of a decision of the Board of Immigration Appeals that affirmed, without opinion, the decision of the Immigration Judge to deny Flores's application for adjustment of status on the ground that Flores was inadmissible. The Immigration Judge concluded that Flores was inadmissible because he had made a fraudulent application for relief. We deny the petition.

## I. BACKGROUND

Flores entered the United States in 1988 as a non-immigration visitor. He and his family were issued an order to show cause in January 1997. After a hearing, an Immigration Judge denied Flores's application for asylum and suspension of deportation and ordered the family removed. The Immigration Judge also granted voluntary departure. The Flores family did not appeal the decision of the Immigration Judge, and they did not depart the United States.

In 2000, Fine Air, Inc., filed a labor certification on behalf of Flores, which was granted on September 19, 2001. An I-140 Petition on behalf of Flores was approved on June 24, 2003. After filing an application for adjustment of status based on the approved I-140 Petition, Flores filed a motion to reopen. As one basis for his motion to reopen, Flores asserted that he was the beneficiary of a pending application for adjustment of status to that of an alien lawfully admitted for temporary residence under section 1255a of the Immigration Act. See 8 U.S.C. §

2

1255a(a). Flores attached the section 1255a application and affidavits to his motion. The motion to reopen was granted by the Immigration Judge.

On September 8 and 29, 2004, the Immigration Judge held a hearing on Flores's application to adjust his status on the basis of his approved I-140 petition. After hearing the testimony of Flores and examining the record, including the copy of Flores's section 1255a application that had been attached to the motion to reopen, the Immigration Judge determined that Flores was ineligible to adjust his status because he was inadmissible as an alien who had attempted to procure an immigration benefit through fraud or willful misrepresentation of a material fact. 8 U.S.C. § 1182(a)(6)(C). The Immigration Judge based his finding of inadmissibility on information contained in Flores's 1255a application. The Immigration Judge found that Flores willfully had misrepresented that he was eligible for relief under section 1255a when he falsely stated that he had resided continuously in the United States since 1986.

Flores objected to the use of his 1255a application to determine his inadmissibility. Flores argued that the confidentiality provision of section 1255a precluded the Immigration Judge from using any information in his 1255a application to find him removable. Under section 1255a, information submitted by the alien in connection with his section 1255a application is confidential and may not be used "for any purpose other than to make a determination on the

3

application." 8 U.S.C. § 1255a(c)(5)(A)(1). The Immigration Judge overruled Flores's objection to the use of the section 1255a application because Flores, not the government, had introduced the application into evidence. The Immigration Judge concluded that Flores had waived any confidentiality by introducing the 1255a application into the current proceedings. Because Flores was not eligible for adjustment of status, the Immigration Judge reinstated the previous order of removal. The Board of Immigration Appeals affirmed the decision of the Immigration Judge without opinion.

## II.  STANDARD OF REVIEW

"When the Board of Immigration Appeals adopts the decision of the Immigration Judge without opinion, we review the decision of the Immigration Judge." Silva v. U.S. Att'y Gen., 448 F.3d 1229, 1235 (11th Cir. 2006). We review legal issues de novo, Mohammed v. Ashcroft, 261 F.3d 1244, 1247-48 (11th Cir. 2001), and "administrative fact findings under the highly deferential substantial evidence test." Adefemi v. Ashcroft, 386 F.3d 1022, 1026 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035, 125 S. Ct. 2245 (2005).

## III.  DISCUSSION

Flores argues that the Immigration Judge erred both when it concluded that he had waived the confidentiality provision of section 1255a with regard to his section 1255a application and, regardless of waiver, when it used that application

4

to determine that Flores was inadmissible. Flores also argues that the Immigration Judge lacked jurisdiction to find that Flores had filed a fraudulent section 1255a application because that application was still pending. We address each argument.

The confidentiality provision of section 1255a prohibits the Attorney General and officials or employees of the Department of Justice from using "the information furnished by the applicant pursuant to an application filed under this section for any purpose other than to make a determination on the application[.]" 8 U.S.C. § 1255a(c)(5)(A)(i). Because Flores filed his 1255a application as an exhibit attached to his motion to reopen before the Immigration Judge, the Immigration Judge concluded that Flores had made the information contained in the application public and had waived any confidentiality. Flores argues that he submitted the application for the sole purpose of proving its existence and did not waive the confidentiality imposed by section 1255a(c)(5). This argument fails.

The Immigration Judge did not err when it concluded that Flores had waived any confidentiality when Flores attached his complete 1255a application to his motion to reopen. Flores did not redact any portion of his application when he entered it into evidence before the Immigration Judge, and Flores did not suggest that he intended to keep the information in the application confidential. Flores voluntarily testified regarding the application before the Immigration Judge and did not invoke any confidentiality.

5

To the extent Flores argues that the prohibition of section 1255a(c)(5) is a blanket prohibition that imposes restrictions on the government and is not subject to waiver by the actions of the alien, that argument also fails. The confidentiality provision of section 1255a only applies to applications filed under section 1255a. See 1255(a)(c)(5)(A)(i). The provision does not apply either to Flores's motion to reopen, his application for adjustment of status, or exhibits attached to his motion or his application for adjustment of status. When Flores attached his 1255a application to his motion to reopen, he submitted it as an exhibit in another immigration proceeding, and not as an application for relief under section 1255a. The Immigration Judge was entitled to rely on the information in the exhibit.

Finally, the Immigration Judge did not exceed its jurisdiction when it determined that the 1255a application was fraudulent. The factual finding that statements made in the application were materially false is supported by substantial evidence in the record. Contrary to Flores's argument, the Immigration Judge did not make any legal determination with regard to the approval of Flores's section 1255a application.

**PETITION DENIED.**